MICHAEL W. VIVOLI (Bar No. 184366)
mvivoli@vivolilaw.com
VIVOLI SACCUZZO, LLP
3104 Fourth Avenue
San Diego, California 92103
(619) 744-9992 (Tel)
(619) 744-9994 (Fax)

Attorneys for Plaintiff,
AIRHAWK INTERNATIONAL, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRHAWK INTERNATIONAL, LLC, a California limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> AIR SEAT INNOVATIONS LLC, a Virginia limited liability company, JAMES SMITH III, an individual, and DOES 1–10, <br><br> Defendants. | Case No.: '23CV1068 AGS BLM <br><br> **COMPLAINT FOR:** <br><br> **1. Patent Infringement** <br><br> **2. Federal Trademark Infringement** <br><br> **3. Common Law Trademark Infringement** <br><br> **4. Unfair Competition** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Airhawk International, LLC ("Plaintiff") alleges in support of its Complaint against Defendants, Air Seat Innovations LLC, a Virginia limited liability company ("ASI"), James Smith III, an individual ("Smith"), and Does 1–10, for injunctive relief and damages under the laws of the United States of America and the State of California on personal information as to Airhawk's own activities, and upon information and belief as to the activities of others, as follows:

/ / / /

## I.  Jurisdiction and Venue

1.    This court has original subject-matter jurisdiction over Airhawk's patent-infringement claims under 28 U.S.C. §§ 1331 and 1338(a) because they arise under federal patent law, 35 U.S.C. § 271, and over Airhawk's federal false advertising claim under 28 U.S.C. § 1331 because it arises under Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a).

2.    This court has supplemental jurisdiction over Airhawk's state-law claims under 28 U.S.C. § 1367(a) because they are so related to the federal claims that they form part of the same case or controversy.

3.    This court has personal jurisdiction over defendants Air Seat Innovations and Smith III because they regularly conduct business in this judicial district and have committed multiple acts of patent and trademark infringement in this judicial district, including importing, selling, and/or offering to sell infringing products in this judicial district.

4.    The venue is proper in the United States District Court for the Southern District of California under 28 U.S.C. §§ 1391(b), (c), and 1400(b) because this is a judicial district in which a substantial part of the infringing activities giving rise to Airhawk's claims occurred.

## II. Parties

5.    Plaintiff Airhawk International, LLC is, and at all relevant times was, a limited liability company organized and existing under the laws of the State of California with its principal place of business in Carlsbad, California.

6.    Defendant ASI is a Virginia limited liability company with its headquarters and principal business address at 506 Maurertown Mill Rd., Maurertown, VA 22644.

7.    Defendant Smith is a Virginia resident. Smith is the equitable owner of ASI.

/ / / /

8.     Defendants transact business and have provided to customers in this judicial district and throughout the State of California products and/or services that infringe and/or induce infringement of Airhawk's Patent and Trademarks as alleged herein.

9.     As described further below, Defendants conduct business and market and distribute products throughout California, and throughout the United States.

10.     Airhawk is ignorant of the true names of Doe defendants 1 through 10 and therefore sues those defendants by such fictitious names. Airhawk is informed and believes, and on that basis alleges, that Air Seat Innovations, Smith III, and Doe Defendants 1 through 10 are responsible for the acts alleged in this Complaint. When the true names of such fictitious defendants are ascertained, Airhawk will seek leave of this court to amend this Complaint to name those individuals or entities. These fictitiously named defendants, along with Air Seat Innovations, Smith III, are referred to collectively as "Defendants."

11.     Airhawk is informed and believes and thereupon alleges that at all times relevant hereto, each of the Defendants acted in concert with each other, was the agent, affiliate, officer, director, manager, principal, alter-ego, co-conspirator, aider and abettor, or employee of the other defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship or employment; and actively participated in, subsequently ratified and adopted, or both, each and all of the acts or conducts alleged, with full knowledge of all the facts and circumstances, including without limitation to full knowledge of each and every wrongful act and conduct and Airhawk's damages caused therefrom.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

# III.     Factual Background

**A.     Airhawk's premium air-seat cushions use an innovative air-cell system to provide a longer, more comfortable ride on motorcycles and greater comfort for all types of seating.**

12.     Airhawk is a business based in Santa Ana, California that designs, manufactures, and sells air cell seat cushions.

13.     Airhawk cushions feature patented air-cushion technology, providing a more comfortable ride and seating experience than conventional seat materials like gel or foam, particularly over long distances.

14.     Airhawk's system uses small, interconnected air cells to evenly distribute the rider's weight over the entire motorcycle seat, thus increasing rider comfort in several ways:

　　　a)　　Airhawk seat cushions adjust to the rider's body shape and contour, thus relieving sensitive pressure points and reducing numbness.

　　　b)　　The air cells act as shock absorbers, thus reducing rider fatigue caused by vibration and bumps.

　　　c)　　The use of small, interconnected air cells allows fresh air to circulate through the seat, reducing uncomfortable body heat build-up and sweat and keeping the rider cool and dry.

15.     The Airhawk product line and air-cell technology was originally developed by The ROHO Group, a U.S.-based manufacturer of cushioning and mattress products for medical applications.

16.     Since 1973, Roho has been a worldwide leader in seating solutions designed to prevent and treat pressure ulcers. Among other innovative products and advances, Roho pioneered the air-cell technology later used in Airhawk motorcycle-seat cushions.

////

17.   In 1989 Roho founded the Roho Institute for Education. The Roho Institute offers accredited continuing education seminars for clinicians seeking exposure to the most recent advances in seating and mobility-related medical issues. Roho's courses, which are offered worldwide, address various topics ranging from wheelchair seating and positioning to pressure-ulcer prevention and treatment. The ROHO Institute also has an online library of continuing education courses available free of charge.

18.   The benefits of Roho's mattress and cushion innovations have repeatedly been confirmed by scientific and clinical studies.

19.   In 1997 Roho entered the consumer market, offering products for consumer applications that benefit from Roho's experience with medical-seating products. Roho's consumer products included motorcycle cushions, truck cushions, agriculture, construction, and aviation seating products.

20.   Over 1 million Roho products are in use, in over 80 countries.

21.   Roho recently began shifting its focus to the medical industry and away from consumer-oriented products.

22.   In early 2015, Roho announced the acquisition of Roho's Airhawk business by the owners of High End Seating Solutions (HESS), a high-end motorcycle seat design and manufacturing company based in Santa Ana, California.

23.   HESS has manufactured custom seats with Roho's Airhawk air-cushion technology since 2011.

24.   In early 2015, Airhawk International LLC acquired the Airhawk® brand, product lines, manufacturing, and distribution for all motorsports, office, and additional non-medical product applications.  Following the acquisition of the Airhawk brand, product line, and manufacturing equipment, Airhawk manufacturing was relocated to HESS's facilities in Santa Ana, California and Airhawk was assigned, in writing by Roho, sole ownership of all of Roho's

existing patents as they applied to motorcycle seats and all non-medical seating technologies, including the motorcycle cushions at issue here.

**B.      Airhawk's office chair cushion features patented utility and design elements.**

25.      Airhawk's innovations include office chair cushions that are protected by a utility patent and a design patent issued by the United States Patent & Trademark Office, which cover the features of Airhawk's air cell office chair cushion.

**1.      U.S. Utility Patent No. US 10,646,049 B2**

26.      Airhawk is the owner of U.S. Utility Patent No. 10,646,049 B2 (the "049 Patent"), entitled "Seat Cushion," issued on May 12, 2020.   A true and correct copy of the '049 Patent is attached as Exhibit "A."

27.      Airhawk is the owner by assignment of the entire right, title, and interest in the '049 Patent and has standing to sue for all past, present, and future infringement of the '049 Patent. The '049 Patent is valid and subsisting.

28.      The '049 Patent claims various utility features of a seat cushion. A drawing from the '049 Patent showing a top view of the claimed seat cushion appears below:



*FIG. 1B*

COMPLAINT

(See '049 Patent, Figure 1B.)

**2.**     **U.S. Design Patent No. US D798,634 S**

29.     Airhawk is the owner of U.S. Design Patent No. D798,634 S (the "D'634 Patent"), entitled "Air Cushion," issued on January 8, 2013. A copy of the D'634 Patent is attached as Exhibit "B."

30.     Airhawk is the owner by assignment of the entire right, title, and interest in the D'634 Patent and has standing to sue for all past, present, and future infringement of the D'634 Patent.

31.     The D'634 Patent claims an ornamental design for an office chair air cushion. A drawing from the D'634 Patent showing a perspective view of the claimed office-chair-air-cushion-design appears below:



**FIG. 1**

(See D'634 Patent, Figure 1.)

/ / / /

**C.**     **Airhawk's motorcycle air cushion features a patented, distinctive, ornamental design.**

32.     Airhawk's innovative motorcycle seat cushion designs are protected by design patents issued by the United States Patent & Trademark Office, which cover the ornamental features of Airhawk's motorcycle cushions.

**1.**     **U.S. Design Patent No. D673,785 S**

33.     Airhawk is the owner of U.S. Design Patent No. D673,785 S (the "D'785 Patent"), entitled "Motorcycle Pillion Cushion," issued on January 8, 2013. A copy of the D'785 Patent is attached as Exhibit "C."

34.     Airhawk is the owner by assignment of the entire right, title, and interest in the D'785 Patent and has standing to sue for all past, present, and future infringement of the D'785 Patent.

35.     The D'785 Patent claims an ornamental design for a motorcycle pillion cushion. A drawing from the D'785 Patent showing a perspective view of the claimed mc



FIG. 1

(See D'785 Pat

/ / / /

/ / / /

/ / / /

**2.     U.S. Design Patent No. D672,569 S**

36.     Airhawk is the owner of U.S. Design Patent No. D672,569 (the "D'569 Patent"), entitled "Motorcycle Operator's Seat Cushion," issued on December 18, 2012.   A copy of the D'569 Patent is attached hereto as Exhibit "D."

37.     Airhawk is the owner by assignment of the entire right, title, and interest in the D'569 Patent and has standing to sue for all past, present, and future infringement of the D'569 Patent.

38.     The D'569 Patent claims an ornamental design for a motorcycle operator's seat cushion. A drawing from the D'569 Patent showing a top view of the claimed motorcycle-operator's-seat-cushion design appears below:



(See D'569 Patent, Figure 2.)

/ / / /

---

9

COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**3.     U.S. Design Patent No. D658,396 S**

39.     Airhawk is the owner of U.S. Design Patent No. D658,396 (the "D'396 Patent"), entitled "Motorcycle Seat Cushion," issued on May 1, 2012. A copy of the D'396 Patent is attached as Exhibit "E."

40.     Airhawk is the owner by assignment of the entire right, title, and interest in the D'396 Patent and has standing to sue for all past, present, and future infringement of the D'396 Patent.

41.     The D'396 Patent claims an ornamental design for a motorcycle seat cushion. A drawing from the D'396 Patent showing a top view of the claimed motorcycle-seat-cushion design appears below:



F I G . 1

(See D'396 Patent, Figure 1.)

/ / / /

---

10

COMPLAINT

**D.     Airhawk owns registered U.S. trademarks related to its brand and logo.**

42.    Airhawk is the owner of the United States Patent and Trademark Office Registration No. 2,981,361 (the "'361 Trademark") for the original "Airhawk" logo. See, Exhibit "F" attached hereto and incorporated herein by reference. The '361 Trademark identifies the specific goods of "FOR: REMOVABLE CUSHION FOR MOTORCYCLE SADDLES; VEHICLE SEATING, NAMELY, SEAT CUSHIONS FOR MOTORCYCLES, AIRPLANES, TRUCKS, AND TRACTORS," in International Class 012."

43.    Airhawk is the owner of the United States Patent and Trademark Office Registration No. 4,977,720 (the "'720 Trademark") for the modern "Airhawk" logo used on motorcycle seat cushions and vehicle seat cushions. See, Exhibit "G" attached hereto and incorporated herein by reference. The '720 Trademark identifies the specific goods of "FOR: MOTORCYCLE SEATS: VEHICLE SEAT CUSHIONS; VEHICLE SEATS," in International Class 012."

44.    Airhawk is the owner of the United States Patent and Trademark Office Registration No. 5,610,069 (the "'069 Trademark") for the modern "Airhawk" logo used on cushions, air cushions, chair cushions, and seat cushions. See, Exhibit "H" attached hereto and incorporated herein by reference. The '069 Trademark identifies the specific goods of "CLASS 20: Cushions; Air cushions, not for medical purposes; Chair cushions; Seat cushions," in International Class 020."

**E.     Airhawk has experienced commercial success through covered products**

45.    Airhawk's products incorporating and/or comprising the '049 Patent, the '720 Trademark, and the '069 Trademark have been extremely popular. Airhawk has had exceptional sales and demand for products incorporating and/or comprising its issued utility Patent and registered Trademarks. The sale of products incorporating and/or comprising the issued utility Patent and registered

1  Trademarks has resulted in both a large gross income and a net profit for Airhawk
2  based on its prior investments.

3     46.   Airhawk has expended large amounts of money in promoting and
4  advertising its products incorporating and/or comprising the issued utility Patent
5  and registered Trademarks, including trade publications, brochures, pamphlets,
6  flyers, and other advertising material. As a result of Airhawk's extensive
7  advertising and promotion of products incorporating and/or comprising the issued
8  utility Patent and registered Trademarks, the targeted purchasing public identifies
9  products incorporating and/or comprising the issued utility Patent and registered
10 Trademarks, as goods emanating from Airhawk, and expects such goods not only
11 to have its source of origin with Airhawk, but to be of the same high quality
12 associated with Airhawk's products.

13    47.   The '720 Trademark and the '069 Trademark are valid and subsisting.

14    48.   On information and belief, Defendants, Air Seat Innovations, LLC,
15 James Smith III, and DOES 1 through 10, inclusive, and each of them, without the
16 consent of Airhawk, are designing, manufacturing, licensing, distributing,
17 importing, and/or selling air cell seat cushions and/or air seat cushions
18 incorporating and/or comprising marks that are confusingly similar to the
19 registered Trademarks which can and has created a likelihood of confusion among
20 consumers as to the source of its air cell seat cushions.

21    49.   In view of the registration of the '720 Trademark and the '069
22 Trademark for use with cushions, air cushions, chair cushions, seat cushions,
23 motorcycle seats, vehicle seat cushions, vehicle seats, and the continuous, open,
24 and notorious use of the '720 Trademark and the '069 Trademark, Defendants, Air
25 Seat Innovations, LLC, James Smith III, and DOES 1 through 10, inclusive, and
26 each of them, had notice of Airhawk's superior rights in the Registered
27 Trademarks.
28 ////

50.     On information and belief, Defendants, and each of them, adopted the use of a confusingly similar mark to the Registered Trademarks with the actual knowledge of Airhawk's prior adoption, use, and registration of the Registered Trademarks, with the intent to mislead and deceive consumers, to the irreparable damage of Airhawk, and to the unjust enrichment of Defendants, and each of them, and the expense of the public and Airhawk. At least as early as June 1, 2022, Defendants had actual knowledge of the Registered Trademarks. Attached hereto as Exhibit "I" is a cease-and-desist letter to Defendants concerning the Registered Trademarks dated June 1, 2022, that Defendants and counsel for Defendants had previously acknowledged.

51.     The products provided by Defendants, and each of them, which include air seat cushions, and air cell seat cushions incorporating and/or comprising the confusingly similar mark to the Registered Trademarks, are of the same general type, if not exactly the same type, and are intended for the same purpose and same class of purchasers as the products provided by Airhawk which incorporate and/or comprise the Registered Trademarks and issued Patent and are sold in the same channels of trade.

52.     Sales of the Defendants' goods incorporating and/or comprising the confusingly similar mark to the Registered Trademarks constitutes a false designation of origin of the Defendants' products and constitute deceptive trade practices and unfair competition, irreparably damaging Airhawk and its rights in the Registered Trademarks.

53.     On information and belief, Defendants, Air Seat Innovations, LLC, James Smith III, and DOES 1 through 10, inclusive, and each of them, without the consent of Airhawk, have infringed and are still infringing the Issued Patent by designing, manufacturing, licensing, distributing, importing and/or selling Air Cushions for Office Chairs and Trucks that encompass the claims of the Issued Patent. In particular, Defendants, and each of them, are at a minimum, designing,

manufacturing, licensing, distributing, importing, and/or selling certain air seat cushion products referred to as "Office Seat Air Cushion" and "Truck / Industrial Air Seat Cushion," which include air cushions that encompass the claims of the '049 Patent.

54.     On information and belief, Defendants, and each of them, will continue to design, manufacture, license, distribute, import, and/or sell the "Office Seat Air Cushion" and "Truck / Industrial Air Seat Cushion," and/or other similar air cushion products which encompass the claims of the '049 Patent unless enjoined by this court.

55.     At all relevant times herein, upon information and belief, one or more principals and/or officers of Defendant Air Seat Innovations, LLC, had direct knowledge of the existence and scope of coverage of the '049 Patent. At least as early as June 1, 2022, Defendants had actual knowledge of the Registered Trademarks. Attached hereto as Exhibit "J" is a Notification letter to Defendants concerning the '049 Patent dated August 18, 2022, that Defendants and counsel for Defendants had previously acknowledged.

56.     Airhawk has provided notification to the public of the Issued Patents by placing a notice including such information on air seat cushion products, packaging, other air seat cushion products and materials, and/or relevant marketing, promotional, and/or advertising materials.

57.     Defendants, and each of them, have continued to design, manufacture, license, distribute, import, and/or sell the "Office Seat Air Cushion" and "Truck / Industrial Air Seat Cushion," and/or other similar air cushion products which encompass the claims of the '049 Patent despite notification that has been provided to the public of the '049 Patent on air cushion products, packaging, other air cushion-related products and materials, and/or relevant marketing, promotional and/or advertising materials. Defendants Air Seat Innovations LLC and James Smith III have further continued to design,

1  manufacture, license, distribute, import, and/or sell "Office Seat Air Cushion" and
2  "Truck / Industrial Air Seat Cushion," and/or other similar air cushion products
3  which encompass the claims of the '049 Patent despite the direct knowledge of
4  one or more officers and/or principals as to the existence and scope of coverage of
5  the '049 Patent.

6      58.   Airhawk has provided written notice to the Defendants of the
7  infringement of the '049 Patent.

8      59.   The natural, probable, and foreseeable result of Defendants' wrongful
9  conduct has been to cause confusion, deception, and mistake in the air seat cushion
10 accessory market as a whole, to deprive Airhawk of business and goodwill, and to
11 injure Airhawk's relationships with existing and prospective customers.

12     60.   Air Seat Innovations LLC's and James Smith III's wrongful conduct
13 has resulted in increased sales of Air Seat Innovations LLC's own products while
14 hindering the sales of Airhawk's products and damaging its goodwill. Airhawk has
15 sustained and will continue to sustain damages as a result of the Defendants'
16 wrongful conduct.

17              **IV.   First Cause of Action**
18           **Patent Infringement – 35 U.S.C. § 271**
19    **U.S. Patent Nos. US 10,646,049 B2, US D658,396 S, US D672,569 S,**
20                 **US D673,785 S, US**

21     61.   Airhawk incorporates Paragraphs 1-60 of its Compliant by Reference.
22     62.   Defendants, and each of them, have been and are directly infringing
23 the '049 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, and
24 selling, the "Office Seat Air Cushion" and "Truck / Industrial Air Seat Cushion"
25 within the United States. See, Exhibit "K" attached hereto and incorporated herein
26 by reference.

27     63.   Upon information and belief, Defendants' customers and other users
28 of Defendants' "Office Seat Air Cushion" and "Truck / Industrial Air Seat

Cushion" have been and are directly and literally infringing one or more of the claims in the '049 Patent under 35 U.S.C. § 271(a).

64.    Upon information and belief, Defendants' customers and other users of Defendants' "Office Seat Air Cushion" and "Truck / Industrial Air Seat Cushion" have been and are infringing one or more of the claims in the '049 Patent under the doctrine of equivalents through its activities connected to its use, manufacture, sale, and important of the above-identified products.

65.    Defendants, and each of them, have been and are actively inducing infringement of the claim in the '049 Patent under 35 U.S.C. § 271(b) by providing to customers, including customers in this judicial district, its "Office Seat Air Cushion" and "Truck / Industrial Air Seat Cushion."

66.    On information and belief, Defendants, and each of them, knew, or should have known, that its customers and other users of its products would use Defendants' products to infringe the '049 Patent and intended such infringement.

67.    Defendants' infringement, and inducement to infringe the '049 Patent have been willful and have deliberately injured and will continue to injure Airhawk unless and until this court enters a preliminary or permanent injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, sale, and/or offer for sale of products that fall within the scope of the claim in the '049 Patent.

68.    Defendants, and each of them, have been and are directly infringing the D'634 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, and selling, the "Office Seat Air Cushion" and "Truck / Industrial Air Seat Cushion" within the United States. See, Exhibit "K."

69.    Upon information and belief, Defendants' customers and other users of Defendants' "Office Seat Air Cushion" and "Truck / Industrial Air Seat Cushion" have been and are directly and literally infringing the D'634 Patent under 35 U.S.C. § 271(a).

70.    Defendants' resellers, customers, and other users of Defendants' "Office Seat Air Cushion" and "Truck / Industrial Air Seat Cushion" have been and are directly infringing the D'396 Patent under 35 U.S.C. § 271(a).

71.    Defendants have been and are actively inducing infringement of the D'634 Patent under 35 U.S.C. § 271(b) by marketing, offering to sell, and selling the "Office Seat Air Cushion" and "Truck / Industrial Air Seat Cushion" to resellers, customers, and users.

72.    Defendants induced infringement by resellers, customers, and users after Defendants had actual knowledge of the D'634 Patent and knew that Defendants' resellers', customers', and users' sale, offers to sell, and/or use of the "Office Seat Air Cushion" and "Truck / Industrial Air Seat Cushion" constituted patent infringement.

73.    Defendants' infringement and inducement to infringe the D'634 Patent have been willful and have deliberately injured and will continue to injure Airhawk unless and until the court enters a preliminary or permanent injunction prohibiting further infringement and, specifically, enjoining further importation, use, sale, and/or offer for sale of products that fall within the scope of the D'634 Patent.

74.    Defendants, and each of them, have been and are directly infringing the D'785 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, and selling, the "Air Motorcycle Seat Cushion Pressure Relief Pad For Passenger Rear Back Rider" within the United States. See, Exhibit "L" attached hereto and incorporated herein by reference.

75.    Upon information and belief, Defendants' customers and other users of Defendants' "Air Motorcycle Seat Cushion Pressure Relief Pad For Passenger Rear Back Rider" have been and are directly and literally infringing the D'785 Patent under 35 U.S.C. § 271(a).

////

76.     Defendants' resellers, customers, and other users of Defendants' "Air Motorcycle Seat Cushion Pressure Relief Pad For Passenger Rear Back Rider," have been and are directly infringing the D'785 Patent under 35 U.S.C. § 271(a).

77.     Defendants have been and are actively inducing infringement of the D'785 Patent under 35 U.S.C. § 271(b) by marketing, offering to sell, and selling the "Air Motorcycle Seat Cushion Pressure Relief Pad For Passenger Rear Back Rider" to resellers, customers, and users.

78.     Defendants induced infringement by resellers, customers, and users after Defendants had actual knowledge of the D'785 Patent and knew that Defendants' resellers', customers', and users' sale, offers to sell, and/or use of the "Air Motorcycle Seat Cushion Pressure Relief Pad For Passenger Rear Back Rider" constituted patent infringement.

79.     Defendants' infringement and inducement to infringe the D'785 Patent have been willful and have deliberately injured and will continue to injure Airhawk unless and until the court enters a preliminary or permanent injunction prohibiting further infringement and, specifically, enjoining further importation, use, sale, and/or offer for sale of products that fall within the scope of the D'785 Patent.

80.     Defendants, and each of them, have been and are directly infringing the D'569 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, and selling, the "Cruiser/Touring Motorcycle Front Air Seat Cushion" within the United States. See, Exhibit "M" attached hereto and incorporated herein by reference.

81.     Upon information and belief, Defendants' customers and other users of Defendants' "Cruiser/Touring Motorcycle Front Air Seat Cushion" have been and are directly and literally infringing the D'569 Patent under 35 U.S.C. § 271(a).

82.     Defendants' resellers, customers, and other users of Defendants' "Cruiser/Touring Motorcycle Front Air Seat Cushion," have been and are directly

1  infringing the D'569 Patent under 35 U.S.C. § 271(a).

2       83.    Defendants have been and are actively inducing infringement of the
3  D'569 Patent under 35 U.S.C. § 271(b) by marketing, offering to sell, and selling
4  the "Cruiser/Touring Motorcycle Front Air Seat Cushion" to resellers, customers,
5  and users.

6       84.    Defendants induced infringement by resellers, customers, and users
7  after Defendants had actual knowledge of the D'569 Patent and knew that
8  Defendants' resellers', customers', and users' sale, offers to sell, and/or use of the
9  "Cruiser/Touring Motorcycle Front Air Seat Cushion" constituted patent
10 infringement.

11      85.    Defendants' infringement and inducement to infringe the D'569
12 Patent have been willful and have deliberately injured and will continue to injure
13 Airhawk unless and until the court enters a preliminary or permanent injunction
14 prohibiting further infringement and, specifically, enjoining further importation,
15 use, sale, and/or offer for sale of products that fall within the scope of the D'569
16 Patent.

17      86.    Defendants, and each of them, have been and are directly infringing
18 the D'396 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, and
19 selling, the "Cruiser/Touring Motorcycle Front Air Seat Cushion" within the
20 United States. See, Exhibit "M."

21      87.    Upon information and belief, Defendants' customers and other users
22 of Defendants' "Cruiser/Touring Motorcycle Front Air Seat Cushion" have been
23 and are directly and literally infringing the D'396 Patent under 35 U.S.C. § 271(a).

24      88.    Defendants' resellers, customers, and other users of Defendants'
25 "Cruiser/Touring Motorcycle Front Air Seat Cushion," have been and are directly
26 infringing the D'396 Patent under 35 U.S.C. § 271(a).

27      89.    Defendants have been and are actively inducing infringement of the
28 D'396 Patent under 35 U.S.C. § 271(b) by marketing, offering to sell, and selling

the "Cruiser/Touring Motorcycle Front Air Seat Cushion" to resellers, customers, and users.

90.    Defendants induced infringement by resellers, customers, and users after Defendants had actual knowledge of the D'396 Patent and knew that Defendants' resellers', customers', and users' sale, offers to sell, and/or use of the "Cruiser/Touring Motorcycle Front Air Seat Cushion" constituted patent infringement.

91.    Defendants' infringement and inducement to infringe the D'396 Patent have been willful and have deliberately injured and will continue to injure Airhawk unless and until the court enters a preliminary or permanent injunction prohibiting further infringement and, specifically, enjoining further importation, use, sale, and/or offer for sale of products that fall within the scope of the D'396 Patent.

## V.    Second Cause of Action

### Trademark Infringement – Trademark Infringement in Violation of the Lanham Act § 43(a), 15 U.S.C. § 1114(1) against all Defendants

92.    Airhawk realleges, and incorporates herein by this reference, each and every allegation set forth in paragraphs 1 through 91, inclusive.

93.    Airhawk has advertised and promoted its products incorporating and/or comprising the Registered Trademarks, and as a result of this advertising and promotion, these products and the Registered Trademarks have come to mean and are understood to be associated with the products emanating from Airhawk alone, and are the means by which these products are distinguished from the products of others in the same and in related fields.

94.    Defendants' activities complained of in this Complaint constitute unauthorized manufacturing, use, distribution, and/or selling in California and in interstate commerce of goods incorporating and/or comprising a reproduction and/or colorable imitation of the Registered Trademarks or confusingly similar

marks. Such activities have caused, and are likely to cause, confusion, mistake, and/or deception as to the source or association of the products among consumers.

95.    Further, the activities of the Defendants, and each of them, are intended to, and are likely to, lead the public to conclude, incorrectly, that the products offered, marketed, distributed, and/or sold by Defendants originate, are sponsored by, or associated with or are authorized to be offered, marketed, distributed and/or sold by Airhawk, to the damage and harm of Airhawk, its licensees, and the public. Defendants' activities constitute a willful and deliberate infringement of Airhawk's Registered Trademarks in violation of the Lanham Act, including, but not limited to, 15 U.S.C. § 1114(1).

96.    As a result of the foregoing, Airhawk has been damaged in an amount that is not precisely ascertainable but which is significantly in excess of the jurisdictional minimum of this court and which will be alleged by amendment at such time when it is precisely ascertained. In addition, Airhawk is entitled to treble damages pursuant to 15 U.S.C. § 1117(b).

97.    The activities of Defendants, and each of them, as alleged in this Complaint, have caused and will cause irreparable harm to Airhawk for which Airhawk has no adequate remedy at law in that (i) if Defendants' wrongful conduct continues, consumers are likely to become further confused as to the source, association or approval of Defendants, and each of their products manufactured, marketed, distributed and/or sold by Defendants, and each of them; (ii) Airhawk's products are unique and valuable property which have no readily determinable market value; (iii) the infringement by Defendants and each of them, constitutes an interference with Airhawk's goodwill and customer relationships; and (iv) Defendants' wrongful conduct, and the damages resulting to Airhawk is continuing. Accordingly, Airhawk is entitled to permanent injunctive relief.

/ / / /

98.    Airhawk is informed and believes, and on that basis alleges, that Defendants, and each of them, have committed the acts alleged above with previous knowledge of Airhawk's prior use and superior rights to the Registered Trademarks and with the previous knowledge of the reputation of the Registered Trademarks in interstate commerce. Further, Defendants' actions were for the willful and calculated purpose of selling their infringing products based upon the goodwill of the Airhawk's Registered Trademark and business reputation, so as to mislead and deceive purchasers and the public. Defendants' actions are likely to cause confusion and mistake among purchasers and the public as to the origin, association, approval, or sponsorship of their infringing products, all to the Defendants' gain and Airhawk's damage.

99.    Airhawk is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. §1117.

## VI.    Third Cause of Action

### Common Law Trademark Infringement Against All Defendants

100.    Airhawk realleges, and incorporates herein by this reference, each and every allegation set forth in paragraphs 1 through 99, inclusive.

101.    Airhawk has advertised and promoted its products incorporating and/or comprising the Registered Trademarks, and as a result of this advertising and promotion, these products and the Registered Trademarks have come to mean and are understood to mean the products of Airhawk, and are the means by which those products are distinguished from the products of others in the same and in related fields.

102.    Because of the long, continuous, and exclusive use of Airhawk's Registered Trademarks, as described in this Complaint, the Registered Trademarks have acquired a secondary meaning associated by purchasers and the public with Airhawk's products.

/ / / /

103.   Defendants' activities complained of in this Complaint constitute unauthorized manufacturing, use, distribution, and/or selling in California and in interstate commerce of goods incorporating and/or comprising a reproduction and/or colorable imitation of the Registered Trademarks or confusingly similar marks. Such activities have caused, and are likely to cause, confusion, mistake, or deception as to the source or association of the products.

104.   Further, the activities of Defendants, and each of them, are intended to, and are likely to, lead the public to conclude, incorrectly, that the products offered, marketed, distributed, and/or sold by Defendants originate, are sponsored by, or associated with or are authorized to be offered, marketed, distributed and/or sold by Airhawk, to the damage and harm of Airhawk, its licensees and the public. Defendants' activities constitute a willful and deliberate infringement of the Registered Trademarks.

105.   As a result of the foregoing, Airhawk has been damaged in an amount that is not precisely ascertainable, but which is significantly in excess of the jurisdictional minimum of this court, and which will be alleged by amendment at such time when it is precisely ascertained.

106.   The activities of Defendants, and each of them, as alleged in this Complaint, have caused and will cause irreparable harm to Airhawk for which Airhawk has no adequate remedy at law in that (i) if Defendants' wrongful conduct continues, consumers are likely to become further confused as to the source, associated or approval of Defendants, and each of their products manufactured, marketed, distributed and/or sold by Defendants, and each of them; (ii) Airhawk's products are unique and valuable property which have no readily determinable market value; (iii) the infringement by Defendants, and each of them, constitutes an interference with Airhawk's goodwill and customer relationships; and (iv) Defendants' wrongful conduct, and the damages resulting to Airhawk is continuing. Accordingly, Airhawk is entitled to preliminary and

1   permanent injunctive relief.

2       107.   Airhawk is informed and believes, and on that basis alleges, that
3   Defendants, and each of them, have committed the acts alleged above with the
4   previous knowledge of Airhawk's prior use and superior rights in the Registered
5   Trademarks and with previous knowledge of the reputation of the Registered
6   Trademarks in interstate commerce. Further, Defendants' actions were for the
7   willful and calculated purpose of trading upon Airhawk's goodwill and for the
8   willful and calculated purpose of selling their infringing products based upon the
9   goodwill of Airhawk's Registered Trademarks and business reputation, so as to
10  mislead and deceive purchasers and the public. Defendants' actions are likely to
11  cause confusion and mistake among purchasers and the public as to the origin,
12  association, approval, or sponsorship of their infringing products, all to the
13  Defendants' gain and Airhawk's damage.

14                    **VII.   Fourth Cause of Action**

15        **Unfair Competition — Cal. Bus. & Prof. Code §§ 17200 et seq.**

16      108.   Airhawk realleges, and incorporates herein by this reference, each
17  and every allegation set forth in paragraphs 1 through 107, inclusive.

18      109.   Defendants have made, published, disseminated, and circulated false,
19  deceptive, and misleading statements, representations, and advertisements,
20  including in California, misrepresenting the nature, quality, and characteristics of
21  their Air Seat Innovations Cushions with the intent of selling, distributing, and
22  increasing the consumption of, and interest in, their Air Seat Innovations
23  Cushions.

24      110.   Defendants' conduct is likely to mislead or deceive the general
25  public and therefore constitutes fraudulent business acts or practices in violation
26  of California Business & Professions Code §§ 17200 et seq.

27      111.   The acts and conduct of Defendants, and each of them, alleged in
28  this Complaint (i) constitute an unfair competition at common law; (ii) violate

Sections 17200 et seq. and 17500 et seq. of the California Business and Professions Code; and/or (iii) constitute an infringement of Airhawk's statutory and common law rights in its trademarks and improper and unfair competition with Airhawk.

112. Defendants have been engaged in trade and commerce in California through advertising, selling, and distributing goods.

113. Defendants have employed unlawful, unfair, and/or fraudulent business methods, acts, and practices within the meaning of Sections 17200 et seq. and 17500 et seq. of the California Business and Professions Code. These acts or practices include, but are not limited to, the use of a red, white, and black logo on Defendants' products in the substantially same location as Airhawk products, which is causing and is likely to continue to cause confusion as to the source thereof and to mislead and deceive purchasers and the public.

114. Defendants' conduct, as alleged above, has caused Airhawk ascertainable damages and has damaged and will continue to damage Airhawk's goodwill and reputation and has resulted in a loss of profits to Airhawk in an amount which is unknown at the present time, but which is in excess of the jurisdictional minimum of this court. Further, Defendants, and each of them, have made profits from the infringing use and from the acts of unfair competition, the extent of such profits being currently unknown to Airhawk, but in excess of the jurisdictional minimum of this court.

115. As a direct and proximate result of Defendants' unfair competition, Airhawk has suffered an injury in fact, including lost money or property in the form of harm to its goodwill, reputation, lost sales, and other actual damages.

116. Defendants' acts are capable of repetition and have harmed and continue to harm the public interest.

117. As a direct and proximate result of Defendants' wrongful conduct, the Defendants obtained unlawful profits to the detriment of Airhawk.

118. The harm to Airhawk and to members of the general public outweighs the utility of Defendants' business practices.

119. Airhawk is entitled to an award of damages and its attorney's fees and costs.

120. Defendants used such unlawful and unfair trade methods, practices, and acts willfully and knowingly.

121. These wrongful acts have proximately caused and will continue to cause Airhawk substantial injury, including loss of customers, dilution of goodwill, confusion of existing and potential customers, and diminution of the value of Airhawk's products. The harm these wrongful acts will cause to Airhawk is both imminent and irreparable, and the amount of damage sustained by Airhawk will be difficult to ascertain if these acts continue. Airhawk has no adequate remedy at law.

122. Airhawk is entitled to an injunction restraining Defendants, their officers, agents, employees, and all persons acting in concert with them from engaging in further such unlawful conduct.

123. Defendants committed the wrongful acts willfully, intending to gain business and market share at the expense of Airhawk's profits and market share. Defendants' conduct justifies an award of exemplary damages.

## VIII. Relief Requested

Plaintiff Airhawk International, LLC requests that the court enter judgment in its favor and against Defendants Air Seat Innovations, LLC, James Smith III, and DOES 1 through 10, inclusive, and each of them, jointly and severally, on all of Airhawk's causes of action as follows:

1. A judgment that Defendants have infringed and/or induced others to infringe the '049 Patent, the D '634 Patent, the D '785 Patent, the D '569 Patent, and the D '396 Patent;

/ / / /

2.     Preliminary and permanent injunctive relief restraining and enjoining Defendants and their respective officers, directors, agents, servants, representatives, employees, affiliates, attorneys, and all persons acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors, and assigns, from directly or indirectly infringing Airhawk's patents;

3.     A judgment, order, or award of damages adequate to compensate Airhawk for Defendants' infringement, but in no event less than a reasonable royalty, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

4.     A judgment awarding Airhawk all damages, including treble damages under 35 U.S.C. § 284, based on any infringement found to be willful, together with all pre-judgment and post-judgment interest at the maximum rate permitted by law;

5.     A finding that this case is exceptional and an award to Airhawk of its reasonable attorney fees under 35 U.S.C. § 285;

6.     A judgment trebling any damages award under 15 U.S.C. § 1117 as a result of Defendants' willful, intentional, and deliberate acts in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

7.     A judgment that Defendants unlawfully and unfairly competed against Airhawk in violation of California Business & Professions Code §§ 17200, et seq.;

8.     An order under California Business & Professions Code § 17203 preventing Defendants from engaging in unfair competition;

9.     A judgment awarding Airhawk actual damages suffered as a result of Defendants' unlawful conduct, in an amount to be proven at trial, including pre-judgment interest as authorized by law;

10.    Restitution and disgorgement of Defendants' profits from false advertising or obtained by Defendants as the result of unjust enrichment;

27

COMPLAINT

1    11.    An award of attorneys fees and costs, as allowed by law;

2    12.    Punitive damages under California Civil Code § 3294;

3    13.    An order directing Defendants to file with the court and serve on

4    Airhawk a written report under oath setting forth in detail the manner and form in

5    which Defendants have complied with the injunction and judgment within 30

6    days after the service of the injunction and judgment on Defendants; and

7    14.    Such other and further relief as this court or a jury may deem proper

8    and just.

9

10   Dated: June 5, 2023                    Respectfully Submitted,

11

12                                          VIVOLI SACCUZZO, LLP

13

14

15                                          By: /s/ *Michael Warren Vivoli*

16                                               Michael Warren Vivoli
                                                 Attorneys for Plaintiff
17                                               Airhawk International, LLC

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IX.   Jury Demand

Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Airhawk International, LLC demands a trial by jury of all issues presented in this Complaint which are so triable.

Dated: June 5, 2023.                    Respectfully Submitted,


VIVOLI SACCUZZO, LLP



By:  /s/ *Michael Warren Vivoli*
_____
        Michael Warren Vivoli
        Attorneys for Plaintiff
        Airhawk International, LLC